IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIL J. NESBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| THE HOME DEPOT, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THE HOME DEPOT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Home Depot, by and through undersigned counsel, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves this Court for entry of an Order dismissing, with prejudice, Plaintiff's Complaint. As more fully set forth in the accompanying Memorandum of Points and Authorities, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Thus, Plaintiff's Complaint must be dismissed, *with prejudice*.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, CHTD

By: _____
James R. Hammerschmidt, Esq., Bar No. 448128
4800 Hampden Lane, 7th Floor
Bethesda, Maryland 20814
(301) 656-7603

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIL J. NESBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| THE HOME DEPOT, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THE HOME DEPOT'S MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Home Depot, ("Home Depot"), by and through undersigned counsel, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

Plaintiff, a former employee of Defendant, initiated this action by filing a Complaint in the Superior Court for the District of Columbia. Home Depot timely removed this action to federal court and now seeks to have Plaintiff's Complaint dismissed under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

Plaintiff's Complaint seems to request relief as a result of the termination of his employment. The Complaint's primary claim seems to be only that, "since I was not given explanation for being terminated, I was let go because I was not able to arrive at work by 6 am." *See* Complaint, attached hereto and incorporated herein as Exhibit 1.

**ARGUMENT**

I.  **Plaintiff's Complaint Fails under Rule 8 and Must Be Dismissed for Failing to State a Claim.**

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A motion to dismiss pursuant to 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim." *Hemphill v. Kimberly-Clark Corp.*, 530 F.Supp.2d 108, 110 (D.D.C.2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A motion to dismiss for failure to state a claim under Rule 12(b)(6) must be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that supports his claim for relief. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sparrow v. United Sir Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000).

The principal function of the Complaint is to give the Defendant fair notice of the claims asserted. The Complaint here fails to meet even these minimum requirements and must be dismissed.

Rule 8(a)[1] of the Federal Rules of Civil Procedure states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The purpose of Rule 8 is to "give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." *Brown*, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably

---

[1] The contents of Rule 8(a) under the Federal Rules of Civil Procedure is identical to the language of Rule 8 under the Rules of the Superior Court for the District of Columbia.

inform the adverse party of the cause of action). Plaintiff's Complaint here fails to comply with the Rules.

> Plaintiff's complaint states only:
>
> Since I've been working at Home Depot I've been harassed I felt uncomfortable and fear for my job. I never miss a day of work since I've began working at Home Depot. I was always professional, and demonstrated excellent customer service. I can only believe since I was not given explanation for being terminated, I was let go because I was not able to arrive at work by 6 am. However, it was explain to my supervisor and managers that I was not able to arrive at work at these times, because I relied heavenly on public transportation which did not begin running until 7 am on the weekends.

*See* Exhibit 1, Complaint.

On its face, Plaintiff's Complaint seems to suggest that he was terminated because he was not able to get to work on time. This does not state a cognizable claim under any statute or common law cause of action. The Complaint appears to be the garden variety employment dispute in which Courts do not get involved. Courts avoid the "judicial micromanagement of business practices." *Barnette v. Chertoff,* 453 F.3d 513, 519 (D.C.Cir.2006) (refusing to question the agency's decision to reclassify a position). "To [do] otherwise would be to render the judiciary a super-personnel department that reexamines an entity's business decisions - a role [the courts] have repeatedly disclaimed." *Jackson v. Gonzales,* 496 F.3d 703, 707 (D.C.Cir.2007).

Defendant is completely unable to determine what, if any, causes of action Plaintiff is attempting to advance by his Complaint. There are no labels to the parts of the complaint, no legal theories, no claims for relief other than the wholly unsupported request for $20 million dollars, no statutes referenced and no facts that state a cause of action. Thus, the Complaint is completely void of any "notice" to the Defendant of the claim that the Plaintiff attempts to assert against it. While the complaint identifies the alleged adverse employment action, his

termination, it does not identify any facts that would permit a court to discern a cause of action. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002) (complaint must provide sufficient detail for the Court to determine the basis for the cause of action). Plaintiff has provided no notice relating to the basis on which he intends to challenge the termination of his employment, other than his use of public transportation.

Defendant recognizes that when an action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally as these complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999). Nevertheless, "a pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C.Cir.1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981)). Thus, even when proceeding *pro se*, the Plaintiff must still meet the notice requirements of Rule 8(a) of the Federal Rules and give the defendant, "fair notice of the plaintiff's claim and the grounds upon which it rests." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir 2002).

Even looking closely at the factual allegations of this *pro se* complaint, it must be dismissed. There is no fair notice to the Defendant. There is no set of facts that can support his claim for relief because he has not plead any claim at all. He has cited no facts or legal theory that entitle him to relief. Thus, even drawing inferences in the Plaintiff's favor, he cannot proceed on his claim and this Complaint must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, The Home Depot, Inc., requests this Court dismiss Plaintiff's Complaint, *with prejudice*.

>
> PALEY, ROTHMAN, GOLDSTEIN,
> ROSENBERG, EIG & COOPER, CHARTERED
>
>
> BY : _____/s/_____
> James R. Hammerschmidt, Esq., Bar No. 448128
> 4800 Hampden Lane, 7th Floor
> Bethesda, Maryland  20814
> (301) 656-7603
>
> Attorneys for Home Depot, U.S.A., Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIL J. NESBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| THE HOME DEPOT, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

UPON CONSIDERATION of Defendant The Home Depot's Motion to Dismiss and Memorandum of Points and Authorities in support thereof, any opposition thereto and oral argument thereon, it is this _____ day of _____, 2008:

ORDERED, that Defendant The Home Depot, Inc.'s Motion to Dismiss be, and the same hereby is GRANTED.

ORDERED, that Plaintiff's Complaint be, and the same hereby is DISMISSED, *with prejudice*.

_____
Judge Emmet G. Sullivan
District Court for the District of Columbia